# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

THOMAS WILLIAMS, INDIVIDUALLY, AND ON BEHALF OF HILDA WILLIAMS

VERSUS

HOMETOWN SENIOR CARE, LLC AND STACY D. JONES, M.D.

NO. 2026 CW 0691

PAGE 1 OF 2

AUGUST 4, 2026

In Re: BHC HoldCo, LLC d/b/a Bayou Home Care of Louisiana, LLC and Continental Casualty Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 722057.

BEFORE: PENZATO, HESTER, GREENE, EDWARDS, AND FIELDS, JJ.

**WRIT GRANTED.** The trial court's April 28, 2026 judgment denying the exception of prescription filed by defendants, BHC HoldCo, LLC d/b/a Bayou Home Care of Louisiana, LLC and Continental Casualty Company, is reversed. Plaintiff's filing of the medical malpractice claim against defendants was untimely. The prescriptive period for filing a medical malpractice claim is one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. La. R.S. 9:5628(A). No action against a health care provider, or its insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. La. R.S. 40:1231.8(B)(1)(a)(i). An attorney chairman shall be appointed within one year of the filing of the request for review. La. R.S. 40:1231.8(A)(2)(c). If the medical review panel fails to render an opinion within twelve months after notification of the selection of the attorney chairman, suit may be instituted against a health care provider. However, either party may petition the court for an order extending the twelve-month period for good cause shown. After the twelve-month period, or any court-ordered extension thereof, the medical review panel shall be dissolved without the necessity of obtaining a court order of dissolution. La. R.S. 40:1231.8(B)(1)(b). Ninety days after the notification to all parties by certified mail by the attorney chairman or the board of the medical review panel dissolution or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease. La. R.S. 40:1231.8(B)(3).

As the Louisiana Supreme Court explained, "it is clear that [La. R.S. 40:1231.8(B)(3)] provides for two different scenarios which will result in the cessation of the suspension of the running of prescription." **Thibodeaux v. Donnell**, 2008-2436 (La. 5/5/09), 9 So.3d 120. We find that the Louisiana Medical Malpractice Act, 40:1231.1 *et seq.*, does not require formal notice of the dissolution of a medical review panel upon the expiration of a court-ordered extension. See **Grantham v. Dawson**, 27,798 (La. App. 2nd Cir. 1/24/96), 666 So.2d 1241, writs denied, 96-0487, 96-0459 (La. 3/29/96), 670 So.2d 1228, 1230.

Here, the term of the medical review panel was extended through August 9, 2024. Because the medical review panel failed to render an opinion by that date, it dissolved by operation of law without the necessity of formal notice. Prescription remained suspended throughout the pendency of the medical review panel proceedings and resumed ninety days after the expiration of the court-ordered extension, on November 7, 2024.

Because Plaintiff filed the request for a medical review panel twenty days before prescription otherwise would have expired on April 21, 2022, Plaintiff had an additional twenty days after prescription resumed to amend or supplement the petition to name BHC HoldCo, LLC d/b/a Bayou Home Care of Louisiana, LLC and Continental Casualty Company, as defendants. Accordingly, the prescriptive period for asserting a claim against these defendants expired on November 27, 2024. Plaintiff did not file the amended or supplemental petition naming these defendants until December 12, 2024. Therefore, Plaintiff's claim against BHC HoldCo, LLC d/b/a Bayou Home Care of Louisiana, LLC and Continental Casualty Company, is prescribed.

Accordingly, the exception of prescription filed by BHC HoldCo, LLC d/b/a Bayou Home Care of Louisiana, LLC and Continental Casualty Company, is granted, and Plaintiff's claim against these defendants is dismissed.

**AHP**
**CHH**
**BDE**
**WEF**

**Greene, J.**, dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT